## CALDWELL v EGER et

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 7956. Decided November 25, 1929

Messrs. Vickery & Vickery, Cleveland, for Caldwell.

Messrs. Howell, Roberts, & Duncan, Cleveland, for Eger et.

MIDDLETON, P. J. & MAUCK, J. (4th Dist) and HOUCK, J. (5th Dist) sitting

MIDDLETON, PJ.

It is said in 16 R. C. L., Section 588, page 1067:

"It is the well settled general rule that the duties and liabilities of a landlord to persons on the leased premises by the license of the tenant are the same as those owed to the tenant himself. For this purpose they stand in his shoes. Visitors, customers, servants, employes and licensees in general of the tenant are on the premises as guests, etc., of the tenant and not of the landlord. Whatever rights such invitation or license from the lessee may confer, as against such lessee, as against the lessor it can give no greater rights than the lessee himself has. The guest, servant, etc., of the tenant is usually held to be so identified with the tenant that this right of recovery for injury as against the landlord is the same as that of the tenant would be had he suffered the injury."

This text is supported by many authorities cited in the note under the section quoted.

The defect which caused the injury to the plaintiff in error was in the construction of the stairway on which she was injured, and this defect was open and obvious to any one who might have occasion to use the stairway, and there is no evidence tending to show that Miller ever promised Saxton to remedy or repair it.

It is said in **Burdick vs. Cheadle, 26 OS.** 393:

"The general rule of law undoubtedly is that persons who claim damages on the account that they were invited into a dangerous place, in which they receive injuries, must seek their remedy against the person who invited them. There is nothing in the relation of landlord and tenant which changes this rule. There is no implied engagement or promise on the part of the lessor that the leased premises are in a safe condition or that they are fit for the use to which the lessee intends to put them. If they be unsafe or unfit it is the duty of the tenant to make them safe or to fit them for the intended use, and the landlord may reasonably expect that the tenant will do so. And if the landlord warrants their fitness the covenant stands for the benefit of the lessee and not for the benefit of strangers to the contract."

We conclude that under the authority quoted the trial court was correct in directing a verdict for Miller in this case and the judgment is affirmed.

Houck and Mauck, JJ., concur.