ORNELLA ET AL., APPELLANTS, *v.* ROBERTSON, APPELLEE.

(No. 41152—Decided May 8, 1968.)

146

*Messrs. Spraul & Reyering, Mr. Thomas C. Spraul* and *Mr. James Cissell,* for appellants.

*Messrs Tyler, Kane & Rubin* and *Mr. Smith H. Tyler, Jr.,* for appellee.

MATTHIAS, J.   As is demonstrated by remarks set forth in the statement of this case made by counsel for plaintiffs during his opening statement, plaintiff, Beatrice Ornella, executed a left turn at a point in a highway divided into two roadways by angled concrete dividers.

Section 4511.35, Revised Code, provides in full text, as follows:

*"Whenever any highway has been divided into two roadways by an intervening space, or by a physical barrier, or clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon the right-hand roadway, and no vehicle shall be driven over, across, or within any such dividing space, barrier,*

*or section, except through an opening, crossover, or inter-section established by public authority.* This section does not prohibit the occupancy of such dividing space, barrier, or section for the purpose of an emergency stop or in compliance with an order of a police officer." (Emphasis supplied.)

Section 4511.35, Revised Code, was first enacted as Section 6307-34a, General Code, and became effective September 11, 1951. It constituted one of fourteen amendments made that year to the Uniform Traffic Act (Chapter 6307, General Code) which had been adopted in Ohio in 1941. It resulted as part of a plan by the General Assembly to update the traffic laws to conform with changed conditions in modern highways. (For an interesting review of all the 1951 amendments see "The Uniform Traffic Act is Amended," by John E. Hallen, 12 Ohio State L. J. 351.) It was re-enacted as Section 4511.35, Revised Code, in 1953. This is the first case to reach this court requiring a consideration of that statute.

That Section 4511.35, Revised Code, was intended as a safety measure to protect those persons traveling in the opposite direction on a divided highway is obvious. But safety statutes are of two types—those which provide a specific standard of conduct and those which provide a general standard of conduct. A violation of the former type constitutes negligence per se whereas a violation of the latter type does not.

The distinction was discussed in this court's opinion in the case of *Swoboda* v. *Brown,* 129 Ohio St. 512, where Judge Matthias (Edward S.) stated, at page 520 in the opinion:

"* * * It is true that some confusion has arisen as to what constitutes negligence per se, or negligence as a matter of law. Certainly not every provision of law or ordinance which directs the manner of operation of motor vehicles constitutes such a requirement that failure to observe it would of itself constitute negligence. * * *"

And further, at pages 522-23:

"The distinction between negligence and 'negligence

per se' is the means and method of ascertainment. The first must be found by the jury from the facts, the conditions and circumstances disclosed by the evidence; the latter is a violation of a specific requirement of law or ordinance, the only fact for determination by the jury being the commission or omission of the specific act inhibited or required.

"*Where a specific requirement is made by statute and an absolute duty thereby imposed, no inquiry is to be made whether the defendant acted as a reasonably prudent man, or was in the exercise of ordinary care.* In such a situation, the obligation and requirement has been fixed and established by law, and the conduct of any person which is violative of such specific statutory requirement is illegal and if it proximately results in injury to one to whom a legal duty is owed, the transgressor is liable for the resulting damage. In such case, the jury is not called upon to determine whether the conduct constituted negligence; it determines only whether the act prohibited was committed or the act required by law was omitted, as the case may be. The violator of such specific requirement of law is liable irrespective of the question as to whether his act is such as is deemed to meet and satisfy the test of ordinary or reasonable care which would be applied in the absence of such statutory definition and imposition of absolute duty, such as, for instance, the absolute and specific requirement as to headlights. Where the standard of duty is thus fixed and absolute, it being the same under all circumstances, the failure to observe that requirement is clearly negligence per se. But where duties are undefined, or defined only in abstract or general terms, leaving to the jury the ascertainment and determination of reasonableness and correctness of acts and conduct under the proven conditions and circumstances, the phrase negligence per se has no application." (Emphasis supplied.)

See, also, *Schell* v. *DuBois*, 94 Ohio St. 93; *Bush* v. *Harvey Transfer Co.*, 146 Ohio St. 657; 2 Restatement of the Law, Torts, 2d, Section 286.

It being clear that the standard of duty imposed by

Section 4511.35, Revised Code, is a specific requirement, which is fixed and absolute, the same under all circumstances and is imposed upon all users of motor vehicles on divided highways, it follows that a violation of that section constitutes negligence per se.

Since the opening statement of counsel admits of acts by plaintiff, Beatrice Ornella, which constitute a violation of Section 4511.35, Revised Code, it only remains to be determined if that violation proximately contributed to cause her injuries, for if it did, she may not recover.

It may be said that the law imposes a duty upon persons to protect themselves from injury. Sometimes that duty may consist only in the obligation to conduct themselves as reasonably prudent persons would under the same or similar circumstances. Sometimes that duty might rise to the level of an even higher obligation—that of refraining from conduct which might *appear* reasonably prudent under the circumstances. This latter type of obligation, may, of course, be imposed only where there is a clear statutory mandate. Section 4511.35, Revised Code, for instance.

When this duty imposed by law is breached, and the violation proximately contributes to cause an injury also proximately caused in part by negligence for which another party is responsible, no recovery may be had under the law in this state.

Being able to arrive at no other conclusions, from the allegations contained in the petition and the remarks made by counsel for the plaintiffs during opening statement, except that plaintiff, Beatrice Ornella, was negligent as a matter of law, for a violation of Section 4511.35, Revised Code, we cannot determine otherwise than that plaintiff's violation proximately contributed to cause her injuries, which precludes her recovery altogether. If she had not engaged in the forbidden endeavor, to wit, making the left turn across a physical barrier in a divided highway at a place otherwise than provided by public authority, then she would not have placed herself in a position of peril to be

hit by someone proceeding in the opposite direction as was defendant.

In *Clinger* v. *Duncan*, 166 Ohio St. 216, at page 222 in the opinion, Judge Zimmerman made the following statement:

"The term, 'proximate cause,' is often difficult of exact definition as applied to the facts of a particular case. However, it is generally true that, *where an original act is wrongful or negligent and in a natural and continuous sequence produces a result which would not have taken place without the act, proximate cause is established,* and the fact that some other act unites with the original act to cause injury does not relieve the initial offender from liability." (Emphasis supplied.)

It is because what constitutes a "natural and continuous sequence" is insusceptible of determination other than in the context of a particular case that the issue of proximate cause is ordinarily one for determination by the jury. However, where reasonable minds could not differ with respect to the matter because the circumstances clearly indicate an *obvious* cause and effect relationship, the issue may be determined as a matter of law.

In granting the motion for judgment on the pleadings and opening statement of plaintiffs' counsel, the Common Pleas Court necessarily made the determination that, were plaintiffs to prove all that they set out to prove, no right to recover would be established. Since, for all of the foregoing reasons, we are of the opinion that that is a correct determination, we affirm the judgment below.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN and O'NEILL, JJ., concur.

HERBERT and SCHNEIDER, JJ., concur in paragraph one of the syllabus, but dissent from paragraph two of the syllabus and from the judgment.

BROWN, J., dissents.