MOELLER ET AL., APPELLANTS, *v.* REDMON, APPELLEE.

[Cite as Moeller v. Redmon (1969), 22 Ohio App. 2d 72.]

(No. 10742—Decided June 16, 1969.)

*Mr. Leonard L. Lipschutz* and *Messrs. Dolle, O'Donnell, Cash, Fee & Hahn,* for appellants.

*Messrs. Tyler, Kane & Rubin* and *Mr. Smith H. Tyler, Jr.,* for appellee.

*Per Curiam.* This is an appeal on questions of law from a judgment overruling a motion for a new trial of the Court of Common Pleas of Hamilton County.

Plaintiff Sandra Moeller is the daughter of plaintiff Joseph Moeller, and at the time of the incident giving rise to the causes of action at bar she was driving her father's automobile.

The undisputed facts are that Sandra Moeller drove the vehicle from the driveway of a restaurant located on the west side of Colerain Avenue, Hamilton County, during the early morning hours of April 2, 1966. Colerain Avenue is a highway slightly more than fifty four feet wide running, at the location in question, generally north and south. The two southbound lanes are divided from the two northbound lanes by separated concrete strips placed at an angle to the traffic lanes. The Moeller vehicle proceeded across the two southbound lanes of the highway and was struck on its left side by an automobile being driven by the defendant south on Colerain Avenue. As a result of the collision, injuries and damages were suffered, which were set forth in a petition by the Moellers and a cross-petition by defendant.

Upon trial, at the close of all the evidence, the court withdrew both the cause of action of Sandra Moeller (including Joseph Moeller's claim for expenses incident to her injuries) and the cross-petition of defendant from the jury. Judgment was rendered in favor of Sandra Moeller as to the cross-petition, and in favor of defendant as to the claims for personal injury and expenses. Joseph Moeller's claim for property damage was settled between the parties.

While appellants, plaintiffs below, contend that questions existed for the jury to decide and that the court erred in removing such from its consideration, we are of the opinion that this case is controlled by the pronouncements of the Ohio Supreme Court in *Ornella* v. *Robertson,* 14 Ohio St. 2d 144.

Colerain Avenue was a highway divided into two roadways by angled concrete dividers.

Section 4511.35, Revised Code, provides:

"Whenever any highway has been divided into two

roadways by an intervening space, or by a physical barrier, or clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon the right-hand roadway, and no vehicle shall be driven over, across, or within any such dividing space, barrier, or section, except through an opening, crossover, or intersection established by public authority. This section does not prohibit the occupancy of such dividing space, barrier, or section for the purpose of an emergency stop or in compliance with an order of a police officer.''

The violation of Section 4511.35, Revised Code, constitutes negligence per se. *Ornella* v. *Robertson*, 14 Ohio St. 2d 144, paragraph one of the syllabus.

Sandra Moeller was prohibited by law from crossing Colerain Avenue as she did, being limited to making a right turn thereon from the point at which she was exiting from the restaurant. Her operation of the automobile over the southbound lanes of travel, intending as she did to drive over or across the dividing space or physical barriers, therefore, constituted negligence as a matter of law.

Our secondary inquiry must then be whether her violation proximately contributed to cause her injuries.

It is clear that Sandra Moeller would not have been in a position of peril if she had not violated the statute.

Where an original act is wrongful or negligent and in a natural and continuous sequence produces a result which would not have taken place without the act, proximate cause is established, and the fact that some other act unites with the original act to cause injury does not relieve the initial offender from liability. *Clinger* v. *Duncan*, 166 Ohio St. 216, at page 222.

In the case before us, reasonable minds could conclude only that Sandra Moeller's negligence proximately contributed to cause her injuries; therefore, the court had the prerogative to determine that issue as a matter of law.

The judgment of the court below precluding recovery by plaintiffs is affirmed.

*Judgment affirmed.*

SHANNON, P. J., HILDEBRANT and HESS, JJ., concur.