JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant David Stenger appeals the trial court's entry granting summary judgment in favor of defendant-appellee Furrow's Building Material on his negligence claim.
On June 30, 2001, Stenger was shopping at the Furrow's store on Reading Road in Evendale, Ohio. When he finished shopping, Stenger proceeded to the checkout counter where a clerk scanned the items he was purchasing and placed them in his shopping cart. After Stenger had paid for the items, he proceeded to leave the store through a foyer that was created by two sets of automatic doors that were eight to ten feet apart. The first door opened properly and Stenger pushed his cart through the door. When Stenger's cart was about a foot to a foot and one-half away from the second door, the second door opened only about halfway. Consequently, Stenger stated in his affidavit, he had to stop his cart and step around it to push the door open. As he was walking around the cart, Stenger saw a pallet of plastic paint bottles falling from the child seat of the cart, so he thrust out his right arm perpendicular to the cart to catch the falling items. Stenger caught the falling items, injuring his right arm in the process.
In his sole assignment of error, Stenger contends that the trial court erred in granting Furrow's motion for summary judgment because he presented sufficient evidence to raise a genuine issue of material fact as to whether Furrow's had proximately caused his injuries. Furrow's argues, on the other hand, that Stenger failed to produce any evidence that a causal relationship existed between the door's failure to open and his injuries. Furrow's contends that the door's failure to open was too remote to be considered a proximate cause of Stenger's injuries and that the injuries were not a reasonably foreseeable consequence of the door's failure to open. Furrow's alternatively argues that Stenger's conduct in stopping his cart and reaching for the fallen items constituted a new and independent act that intervened to break any connection between the failure of the door to open and his injuries. Consequently, Furrows maintains that summary judgment was appropriately granted.
Summary judgment is proper when "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party."[1]
We review the entry of summary judgment de novo on the basis of an independent review of the record.[2]
Under Ohio law, the issue of proximate cause is generally a question of fact for the jury to decide.[3] Consequently, Ohio courts have held that proximate cause may only be determined as a matter of law when the circumstances of a case indicate an obvious causeand-effect relationship.[4] Furthermore, Ohio courts have consistently held that the issue of intervening cause generally presents a factual issue to be decided by a jury.[5]
Having construed the evidence most strongly in Stenger's favor, we conclude that reasonable minds could come to differing conclusions about whether the door's failure to open proximately caused Stenger's injuries or whether Stenger's own actions proximately caused his injuries. It was reasonably foreseeable that a customer with a loaded shopping cart who had to stop for a malfunctioning door could be injured when items from his cart fell to the ground, and reasonable minds could find that such injuries were part of a natural and probable chain of events directly connected to Furrow's failure to properly maintain the door. Furthermore, reasonable minds could reach differing conclusions as to whether Stenger's own actions in reaching to catch the falling items broke the causal chain of events and were an independent cause of his injuries. Because we are convinced that questions of fact regarding proximate cause and intervening cause exist for a jury to consider, we hold that the trial court erred in granting Furrow's motion for summary judgment. As a result, we sustain Stenger's sole assignment of error, reverse the trial court's judgment, and remand this cause for further proceedings consistent with this judgment entry and the law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Hendon JJ.
[1] Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 364
N.E.2d 267.
[2] Morehead v. Conley (1991), 75 Ohio App.3d 409, 412, 599
N.E.2d 786.
[3] See Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 288, 423
N.E.2d 467.
[4] See Ornella v. Robertson (1968), 14 Ohio St.2d 144, 151, 237 N.E.2d 140.
[5] See Leibreich v. A.J. Refrigeration, Inc., 67 Ohio St.3d 266, 269,1993-Ohio-12, 617 N.E.2d 1068; Cascone v. Herb Kay Co. (1983),6 Ohio St.3d 155, 160, 451 N.E.2d 815.