MANN, APPELLEE, *v*. NORTHGATE INVESTORS, L.L.C., D.B.A. NORTHGATE

APARTMENTS, APPELLANT.

[Cite as *Mann v. Northgate Investors, L.L.C.,* 138 Ohio St.3d 175,

2014-Ohio-455.]

*Landlord and tenant—A landlord owes guests of a tenant the same duties under*

*R.C. 5321.04(A)(3) that the landlord owes to the tenant—Lighting in*

*common areas.*

(No. 2012-1600—Submitted April 24, 2013—Decided February 12, 2014.)

CERTIFIED by the Court of Appeals for Franklin County,

No. 11AP-684, 2012-Ohio-2871.

_____

PFEIFER, J.

{¶ 1}  The issue in this case is whether a landlord owes the statutory duty under R.C. 5321.04(A)(3) to "[k]eep all common areas of the premises in a safe and sanitary condition" to a tenant's guest properly on the premises.  We hold today that a landlord does owe to a tenant's guest the statutory duties under R.C. 5321.04(A)(3) and that a breach of that duty constitutes negligence per se.

Factual and Procedural Background

{¶ 2}  On June 15, 2007, plaintiff-appellee, Lauren Mann, then 16 years old, visited a friend, Michelina Markiewicz, who was a tenant at an apartment building owned by defendant-appellant, Northgate Investors, L.L.C.  Mann had entered the building at around noon that day, and left her friend's second-floor apartment in the evening at around 11:00 P.M.  Mann had to walk down two sets of stairs (with a landing between them) to exit the building.  She testified that the hallway and stairway were dark because it was night and there was no lighting—the existing lighting fixtures were inoperable.  Despite the darkness, she decided

to proceed down the stairs. She successfully descended the two flights of stairs, but after stepping off the last step—and thinking there might be another step—she stumbled forward through a glass panel adjacent to the glass exit door, suffering injuries.

{¶ 3} Mann filed suit against Northgate on October 5, 2010, alleging in her complaint that Northgate had "negligently failed to maintain adequate lighting for safe ingress and egress to said premises during nocturnal hours, thereby creating a danger to residents and guests." Northgate filed a motion for summary judgment, arguing that there was no evidence that it had breached a duty of care to Mann. It asserted that it owed Mann the duty it would owe an invitee, a duty of ordinary care in maintaining its property. Northgate further argued that darkness is an open and obvious danger and that there is no duty of a premises owner to warn an invitee of open and obvious dangers, since those dangers are so obvious that business owners may reasonably expect their invitees to discover the hazard and take appropriate actions to protect themselves against it.

{¶ 4} Mann countered that Ohio's Landlord-Tenant Act, in particular, R.C. 5321.04, imposes a duty on landlords to make all necessary repairs and to do whatever is necessary to keep the premises in a fit and habitable condition, to keep common areas of the premises safe, and to maintain electrical systems and lighting fixtures.

{¶ 5} The trial court granted summary judgment to Northgate, holding that R.C. 5321.04 "was intended to establish the duties between *landlords and tenants*" and that since Mann was not a tenant but a business invitee, Northgate "only owed [her] a duty of ordinary care." (Emphasis sic.) The court further held that the darkness on the stairs was open and obvious and that the duty of ordinary care "is negated when the hazard posed to the invitee is one that is open and obvious." Finally, the court held that in addition to her failure to demonstrate that Northgate owed her a duty, Mann also had failed to show evidence of causation.

**{¶ 6}** Mann appealed, and the Tenth District Court of Appeals reversed the trial court. 2012-Ohio-2871, 973 N.E.2d 772 (10th Dist.). The appellate court held that tenants' guests are entitled to the protections of R.C. 5321.04, that a landlord's violation of R.C. 5321.04 constitutes negligence per se, and that the open-and-obvious doctrine does not apply when the landlord is negligent per se. *Id*. at ¶ 14, 19, and 21. The court further held that Mann had offered evidence of causation sufficient to create a genuine issue of fact. *Id*. at ¶ 28.

**{¶ 7}** The appellate court certified a conflict to this court recognizing that its opinion conflicted with that of the Ninth District Court of Appeals in *Shumaker v. Park Lane Manor of Akron, Inc.*, 9th Dist. Summit No. 25212, 2011-Ohio-1052, regarding the applicability of R.C. 5321.04(A)(3) to a tenant's guest. This court agreed that a conflict exists and ordered briefing on the following issue:

> Whether landlord owes the statutory duties of R.C. 5321.04(A)(3) to a tenant's guest properly on the premises but on the common area stairs at the time of injury?

133 Ohio St.3d 1463, 2012-Ohio-5149, 977 N.E.2d 692.

Law and Analysis

**{¶ 8}** In 1974, the General Assembly enacted the Ohio Landlord-Tenant Act, R.C. Chapter 5321. "The Act codifies the law of this state regarding rental agreements for residential premises, and governs the rights and duties of both landlords and tenants." *Vardeman v. Llewellyn*, 17 Ohio St.3d 24, 26, 476 N.E.2d 1038 (1985).

**{¶ 9}** R.C. 5321.04(A) sets forth the obligations of a landlord who is a party to a rental agreement. Among other duties, a landlord must "[m]ake all repairs and do whatever is reasonably necessary to put and keep the remises in a

fit and habitable condition," R.C. 5321.04(A)(2), and "[k]eep all common areas of the premises in a safe and sanitary condition," R.C. 5321.04(A)(3).

{¶ 10} The Landlord-Tenant Act "changed the previous common law relationship of landlords and tenants under residential rental agreements." *Shroades v. Rental Homes, Inc.*, 68 Ohio St.2d 20, 21-22, 427 N.E.2d 774 (1981). *Shroades* explained that "in light of the previous common law immunity of landlords, and in recognition of the changed rental conditions and the definite trend to provide tenants with greater rights," the General Assembly enacted the law in "an attempt to balance the competing interests of landlords and tenants." *Id.* at 24-25.

{¶ 11} *Shroades* was the first case to recognize that a landlord could be liable in tort for injuries resulting from the landlord's failure to meet the obligations imposed by R.C. 5321.04:

> In light of the public policy and drastic changes made by the statutory scheme of R.C. Chapter 5321, we hold that a landlord is liable for injuries, sustained on the demised residential premises, which are proximately caused by the landlord's failure to fulfill the duties imposed by R.C. 5321.04. We conclude that the General Assembly intended both to provide tenants with greater rights and to negate the previous tort immunities for landlords.

*Id.* at 25.

{¶ 12} In *Shroades*, this court held that the landlord had failed to meet the statutory requirement of keeping the premises in a fit and habitable condition. Reasoning that "[a] violation of a statute which sets forth specific duties constitutes negligence *per se*," the court held that the landlord's failure to abide by R.C. 5321.04(A)(2) constituted negligence per se. The court made clear that a

4

finding of negligence per se does not necessarily result in liability: "proximate cause for the injuries sustained must be established." *Id*. at 25. Further, a plaintiff tenant would also have to show that "the landlord received notice of the defective condition of the rental premises, that the landlord knew of the defect, or that the tenant had made reasonable, but unsuccessful, attempts to notify the landlord." *Id.* at 26.

{¶ 13} In *Shump v. First Continental-Robinwood Assocs.*, 71 Ohio St.3d 414, 644 N.E.2d 291 (1994), syllabus, this court held that a landlord's common-law and statutory obligations extend to guests of a tenant: "A landlord owes the same duties to persons lawfully upon the leased premises as the landlord owes to the tenant."

{¶ 14} In *Shump*, Sandra Burnside, a guest of a tenant, died from smoke inhalation and/or carbon monoxide poisoning from a fire in her friend's apartment. The fire had started on the first floor of the apartment, and the evidence suggested that Burnside became aware of the fire only when the smoke detector on the second floor of the two-story apartment was activated. Burnside's estate filed a wrongful-death claim against the landlord, alleging that the landlord had failed to install a smoke detector on the first floor of the apartment, contrary to a city ordinance. The trial court granted summary judgment to the landlord, holding that Burnside was a licensee and that the landlord owed to Burnside only a duty to refrain from willful and wanton conduct, which the estate had failed to prove. The appellate court affirmed that part of the trial court's holding.

{¶ 15} This court reversed, rejecting the appellate court's holding that a landlord's duty to a tenant's guest should be governed by the common-law classifications of trespasser, licensee, and invitee. The court held that those classifications "determine the legal duty that a *tenant* owes others who enter upon rental property that is in the exclusive control of the tenant" and "do not affect the

legal duty that a *landlord* owes a tenant or others lawfully upon the leased premises." (Emphasis sic.) *Shump*, 71 Ohio St.3d at 417, 644 N.E.2d 291.

**{¶ 16}** *Shump* cited longstanding common law that courts should not distinguish between the duties that a landlord owes a tenant and the duties a landlord owes to other people lawfully upon the leased premises.

> " 'It is the well settled general rule that the duties and liabilities of a landlord to persons on the leased premises by the license of the tenant are the same as those owed to the tenant himself. For this purpose they stand in his shoes. * * * The guest, servant, etc., of the tenant is usually held to be so identified with the tenant that this right of recovery for injury as against the landlord is the same as that of the tenant would be had he suffered the injury.' " [*Caldwell v. Eger*, 8 Ohio Law Abs. 47 (8th Dist.1929)], quoting 16 Ruling Case Law (1917) 1067, Section 588.

*Id.* at 419.

**{¶ 17}** This court held that R.C. Chapter 5321 does not alter the "well-settled common-law principle" of a landlord's duty to a tenant's guest, because statutes are presumed to embrace the common law extant at their enactment.

> "Statutes are to be read and construed in the light of and with reference to the rules and principles of the common law in force at the time of their enactment, and in giving construction to a statute the legislature will not be presumed or held, to have intended a repeal of the settled rules of the common law *unless the language employed by it clearly expresses or imports such intention*."

(Emphasis added.) *State ex rel. Morris v. Sullivan* (1909), 81 Ohio St. 79, 90 N.E. 146, paragraph three of the syllabus.

*Id.*

{¶ 18} Thus, the court concluded that as common-law protections extended to a tenant's guests, the Landlord-Tenant Act's protections would extend to guests.

> Thus, the obligations imposed upon a landlord under R.C. 5321.04 would appear to extend to tenants *and* to other persons lawfully upon the leased premises. R.C. 5321.12 states: "In any action under Chapter 5321. of the Revised Code, *any party* may recover damages for the breach of contract or the breach of any duty that is imposed by law." (Emphasis added.)

(Emphasis sic.) *Shump,* 71 Ohio St.3d at 420, 644 N.E.2d 291.

{¶ 19} Since a landlord owes a tenant's guest the same duty that the landlord owes the tenant, it only follows that the duty a landlord owes a tenant under R.C. 5321.04(A)(3) is also owed to the tenant's guest. But not every court addressing the issue has come to that conclusion. The case below was certified to this court as being in conflict with *Shumaker v. Park Lane Manor of Akron*, 9th Dist. Summit No. 25212, 2011-Ohio-1052. That court found that " 'a social guest, injured in an area not in the exclusive control of the tenant, is owed a duty of care by the landlord no higher than that owed to a licensee,' " citing *Rios v. Shauck*, 9th Dist. Lorain No. 97CA006753, 1998 WL 289692, at *1 (June 3, 1998). *Shumaker* at ¶ 12. *Shumaker* held that this court's extension of a landlord's responsibilities to a tenant's guest did not apply because "*Shump* is limited to injuries occurring 'upon the leased premises.' " *Id.*

**{¶ 20}** *Shump* does state, as *Shumaker* points out, that "the obligations imposed upon a landlord under R.C. 5321.04 would appear to extend to tenants *and* to other persons lawfully upon the leased premises." (Emphasis sic.) *Shump,* 71 Ohio St.3d at 420, 644 N.E.2d 291. But "lawfully upon the leased premises" is not limiting language—the decedent in *Shump* happened to be in the tenant's apartment, not in a common area, when she died. Notably, *Shump* cited *Stackhouse v. Close*, 83 Ohio St. 339, 94 N.E. 746 (1911), a case involving injuries to a tenant's guest suffered due to the malfunctioning of a common-area elevator, for the proposition that "a landlord may be held liable to a tenant's guest for the breach of a statutory duty imposed upon the landlord." *Shump*, 71 Ohio St.3d at 420, 644 N.E.2d 291. The court concluded regarding *Stackhouse*, "We reiterate that holding today." *Id.*

**{¶ 21}** Further, *Shump* adopted the Restatement of Torts section stating that in common areas, the landlord owes the same duty to the tenant's guest as it owes to the tenant. In the syllabus of *Shump*, this court approved and adopted 2 Restatement of the Law 2d, Torts, Sections 355 to 362 (1965). Section 360 addresses the liability of landlords in common areas:

> A possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe.

**{¶ 22}** Finally, *Shump* recognized that R.C. Chapter 5321 does not limit to tenants the ability to bring a claim based upon a statutory violation:

R.C. 5321.12 states: "In any action under Chapter 5321. of the Revised Code, *any party* may recover damages for the breach of contract or the breach of any duty that is imposed by law." (Emphasis added.)

*Shump,* 71 Ohio St.3d at 420, 644 N.E.2d 291.

**{¶ 23}** We thus conclude that *Shump* should in no way be interpreted so as to prevent a tenant's guest from benefiting from the protections of R.C. 5321.04(A) simply because he or she is in a common area of the leased premises. A landlord owes to a tenant's guest the same duty that it owes a tenant in regard to R.C. 5321.04(A)(3): to keep the common area in a safe and sanitary condition.

**{¶ 24}** The question remains as to the legal significance of a failure of a landlord to meet the obligations of R.C. 5321.04(A)(3). If a violation of R.C. 5321.04(A)(3) constitutes negligence per se, a landlord may not rely upon the open-and-obvious doctrine to escape liability. In *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, this court held that a landlord's failure to meet the statutory duty under R.C. 5321.04(A)(1) negates the open-and-obvious doctrine.

**{¶ 25}** After *Shroades*, this court revisited negligence per se in relation to R.C. 5321.04 in *Sikora v. Wenzel*, 88 Ohio St.3d 493, 727 N.E.2d 1277 (2000). The plaintiff, Aaron Sikora, was a guest of a tenant who leased a condominium owned by the defendant, Tom Wenzel; an outdoor deck attached to the condominium collapsed, injuring Sikora. Sikora sued Wenzel, alleging that he was negligent per se for a violation of R.C. 5321.04(A)(1), which requires landlords to "[c]omply with the requirements of all applicable building, housing,

health, and safety codes that materially affect health and safety." Wenzel, the second owner of the condominium, had no knowledge of the deck's design defect, which the previous owner had known about. Still, the court of appeals found that Wenzel was strictly liable for a violation of R.C. 5321.04(A)(1) and that the *Shroades* notice requirement was inapplicable.

{¶ 26} This court set forth the three different ways that courts view statutory violations of public-safety laws in negligence cases:

> Courts view the evidentiary value of the violation of statutes imposed for public safety in three ways: as creating strict liability, as giving rise to negligence *per se*, or as simply evidence of negligence. See, generally, Browder, The Taming of a Duty—The Tort Liability of Landlords (1982), 81 Mich.L.Rev. 99. These are three separate principles with unique effects upon a plaintiff's burden of proof and to which the concept of notice may or may not be relevant.

*Sikora* at 495.

{¶ 27} This court rejected the idea that R.C. 5321.04(A)(1) is a strict-liability statute, that is, that a defendant would be liable per se for a statutory violation regardless of any defenses or excuses, including lack of notice.

> Considering the general reluctance among courts to impose strict liability in this context, the wording of the statute fails to convince us that the General Assembly intended to create strict liability upon a violation of this statutory requirement. Absent language denoting that liability exists without possibility of excuses, we are

unpersuaded that the intent behind this statute was to eliminate excuses and impose strict liability.

*Id.* at 497-498.

**{¶ 28}** The more common question—and one that arises in the case before us—is whether a statutory violation will be considered as evidence of negligence or whether it will support a finding of negligence per se. The words of the statute tell the tale—whether a statutory violation gives rise to negligence per se "depends upon the degree of specificity with which the particular duty is stated in the statute." *Id*. at 496.

**{¶ 29}** When the statute sets forth a general, abstract description of a duty, a violation thereof can be considered as evidence of negligence, but a violation does not of itself conclusively demonstrate the breach of a duty. If a statute sets forth a positive and definite standard of care, a violation of the statute constitutes negligence per se, and that violation conclusively proves that the defendant has violated a duty to the plaintiff:

> [W]here a statute sets forth " 'a positive and definite standard of care * * * whereby a jury may determine whether there has been a violation thereof by finding a single issue of fact,' " a violation of that statute constitutes negligence *per se*. *Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 565, 697 N.E.2d 198, 201, quoting *Eisenhuth v. Moneyhon*, *supra*, 161 Ohio St. [367] 374–375, 53 O.O. [274] 278, 119 N.E.2d [440] 444 [(1954)]. In situations where a statutory violation constitutes negligence *per se*, the plaintiff will be considered to have "conclusively established that the defendant breached the duty that he or she owed to the plaintiff." *Chambers*, *id*. In such instances, the statute "serves as a

> legislative declaration of the standard of care of a reasonably prudent person applicable in negligence actions." Thus the "reasonable person standard is supplanted by a standard of care established by the legislature." 57A American Jurisprudence 2d, *supra*, at 672, Negligence, Section 748.

*Sikora*, 88 Ohio St.3d at 496, 727 N.E.2d 1277.

{¶ 30} This court determined in *Sikora* that the statutory requirement set forth in R.C. 5321.04(A)(1) was not so general and abstract as to merely constitute evidence of negligence.

> Rather, we believe the statutory requirement is stated with sufficient specificity to impose negligence *per se*. It is "fixed and absolute, the same under all circumstances and is imposed upon" all landlords. *Ornella v. Robertson* (1968), 14 Ohio St.2d 144, 150, 43 O.O.2d 246, 249, 237 N.E.2d 140, 143. Accordingly, we conclude that the statute requires landlords to conform to a particular standard of care, the violation of which constitutes negligence *per se*.

*Sikora*, 88 Ohio St.3d at 498, 727 N.E.2d 1277.

{¶ 31} Further, the court reaffirmed that "a landlord's violation of the duties imposed by * * * R.C. 5321.04(A)(2) constitutes negligence *per se*." *Id.*

{¶ 32} We find nothing in the degree of specificity involved in the statutes to distinguish the requirement in R.C. 5321.04(A)(2) to "do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition" from the requirement in R.C. 5321.04(A)(3) to "[k]eep all common areas of the premises in a safe and sanitary condition." Like the statutory

requirements under R.C. 5321.04(A)(1) and (2), R.C. 5321.04(A)(3)'s statutory requirement is " 'fixed and absolute, the same under all circumstances and is imposed upon' all landlords." *Sikora* at 498, quoting *Ornella v. Robertson*, 14 Ohio St.2d 144, 150, 237 N.E.2d 140 (1968). We thus conclude that like violations of R.C. 5321.04(A)(1) and (A)(2), a violation of R.C. 5321.04(A)(3) constitutes negligence per se.

## Conclusion

{¶ 33} We reaffirm today that a landlord owes to a tenant's guest the same duty that the landlord owes a tenant. Thus, a landlord owes a tenant, and therefore the tenant's guest, the duty to "[k]eep all common areas of the premises in a safe and sanitary condition," pursuant to R.C. 5321.04(A)(3). A violation of the duty imposed by R.C. 5321.04(A)(3) constitutes negligence per se and obviates the open-and-obvious-danger doctrine.

{¶ 34} Accordingly, we affirm the judgment of the Tenth District Court of Appeals and remand the cause to the trial court.

Judgment affirmed

and cause remanded.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Michael T. Irwin, for appellee.

Reminger Co., L.P.A., Brian D. Sullivan, Martin T. Galvin, Kevin P. Foley, and Nicole M. Koppitch, for appellant.

Giorgianni Law, L.L.C., and Paul Giorgianni, urging affirmance for amicus curiae, Ohio Association for Justice.

_____