[Cite as *Nero v. CWV Family Hous., L.L.C.*, 2016-Ohio-3314.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| RHODA NERO | | C.A. No. 27719 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CWV FAMILY HOUSING, LLC | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. CV 2014-04-2164 |

DECISION AND JOURNAL ENTRY

Dated: June 8, 2016

MOORE, Judge.

{¶1} Plaintiff, Rhoda Nero, ("Tenant") appeals from the judgment of the Summit County Court of Common Pleas. This Court reverses and remands this matter for further proceedings consistent with this decision.

I.

{¶2} Tenant leased a residential unit in a multifamily rental property which was owned and operated by CWV Family Housing, LLC ("Landlord"). During her tenancy, Tenant was walking down the stairs in the common area of the property when a step collapsed underneath her, causing her to fall. In 2014, Tenant filed a complaint against Landlord alleging that she suffered injuries due to Landlord's failure to repair or maintain the stairs in the common area of the property.

{¶3} Landlord answered the complaint and thereafter filed a motion for summary judgment. Tenant opposed the motion. The trial court granted the motion. Tenant timely

appealed, and she now presents two assignments of error for our review. We have consolidated the assignments of error in order to facilitate our discussion.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT FOR [LANDLORD] BY FINDING THAT THERE WAS NO GENUINE ISSUE OF MATERIAL FACT REGARDING [LANDLORD'S] DUTY TO REPAIR AND MAINTAIN THE STAIRS.

**ASSIGNMENT OF ERROR II**

THE COURT ERRED BY FINDING THAT [TENANT] HAD ABANDONED COUNT II OF THE COMPLAINT.

{¶4} In her first and second assignments of error, Tenant argues that the trial court erred in granting summary judgment in favor of Landlord on the first and second counts in her complaint, respectively.

{¶5} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶6} Pursuant to Civ.R. 56(C), summary judgment is proper only if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). "If the

moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 293. Only where the moving party fulfills this initial burden, does the burden shift to the nonmoving party to prove that a genuine issue of material fact exists. *Id.*

{¶8} Here, with respect to the first count of Tenant's complaint, she maintained that Landlord was negligent in that it failed to maintain the stairs and make necessary repairs to the steps in the apartment complex. She also maintained that Landlord failed "to keep the apartment stairs up to code."

{¶9} In Landlord's motion for summary judgment, it addressed the issues applicable to this case by reference to common law premises liability, specifically the duty owed by premises owners/occupiers to invitees, citing *Ray v. Wal-Mart Stores, Inc.*, 4th Dist. Washington No. 08CA41, 2009-Ohio-4542, ¶ 26-27. In connection with this body of case law, and citing Tenant's deposition and Landlord's executive manager's affidavit in support, Landlord maintained that it had no notice of any dangerous condition as to the steps, and that it performed regular inspections on the premises. Tenant responded also citing cases relative to the duty owed to invitees, *see, e.g. Hidalgo v. Costco Wholesale Corp.*, 9th Dist. Lorain No. 12 CA010191, 2013-Ohio-847, and she maintained that there existed a triable issue on whether Landlord conducted reasonable inspections.

{¶10} However, in its journal entry, the trial court did not discuss common law premises liability aside from quoting *Shump v. First Contintental-Robinwood Assocs.*, 71 Ohio St.3d 414, 418, 1994-Ohio-427, for the following proposition: "The legal duty that a landlord owes a tenant is not determined by the common-law classifications of invitee, licensee, and trespasser under the law of premises liability; instead, a landlord's liability to a tenant is determined by a landlord's common-law immunity from liability and any exceptions to that immunity that a court

or a legislative body has created." The trial court then went on to cite case law and statutes pertaining to a landlord's duties as codified in the Landlord-Tenant Act. *See Mann v. Northgate Investors, L.L.C.*, 138 Ohio St.3d 175, 2014-Ohio-455, ¶ 4, and R.C. 5321.04. The statutory duties include keeping the premises in a fit and habitable condition, and keeping common areas of the premises in a safe condition. *See* R.C. 5321.04(A)(2) and (A)(3). The trial court then cited case law that pertains to a landlord's liability predicated on negligence per se, in that, to succeed on such a claim, the plaintiff must establish proximate cause and that Landlord had, or should have had, notice of the violation of the statute. *See Sikora v. Wenzel*, 88 Ohio St.3d 493, 496-497, 2000-Ohio-406. The court then discussed the summary judgment evidence relative to Landlord's lack of notice of a defect in the step and inspections of the steps. The court determined that this evidence established that Landlord took steps to inspect the relevant areas of the premises and that Tenant failed to provide "factual support for its contention" that Landlord's inspection of the steps was "inadequate." The court then determined that summary judgment was appropriate on the first count of the complaint.

{¶11} Our review of the issue of whether summary judgment was properly granted on the first count of the complaint is hampered because we cannot discern the trial court's legal basis for awarding summary judgment. This is because the trial court appears to suggest that it was not applying law relative to a premises owner's duty to its invitees, which was the legal basis on which the parties had focused, but the court does not indicate why it was incumbent on Landlord to inspect the premises. Accordingly, we cannot discern the legal standard against which it judged the evidence of the adequacy of the inspections, e.g. whether the court was applying the common law premises liability standard, if it was looking to some other affirmative

duty of a landlord to inspect the premises, or if it was looking to the inspections for purposes of whether Landlord should have known of the defect for purposes of negligence per se.

**{¶12}** Therefore, because we cannot discern the trial court's basis for the award of summary judgment on the first count of the complaint, we sustain Tenant's first assignment of error on this basis and remand this matter to the trial court to clarify its reasoning. *See Hunt v. Alderman*, 9th Dist. Summit No. 27416, 2015-Ohio-4667, ¶ 19.

**{¶13}** With respect to the second count of the complaint, Tenant maintained that Landlord owed a duty to keep the common areas of the apartment complex safe under the terms of the lease executed between the parties. In a footnote in the trial court's journal entry, the court concluded that it appeared that Tenant had abandoned this count.

**{¶14}** We see no basis in the record for the trial court's determination that Tenant abandoned the second count of the complaint. There was no mention in Landlord's motion for summary judgment regarding whether it was contractually obligated to repair or maintain the steps in any particular fashion pursuant to the terms of the lease. Accordingly, the burden did not shift to Tenant to establish that a triable issue existed as to this claim. *See Dresher*, 75 Ohio St.3d at 293.

**{¶15}** Accordingly, Tenant's second assignment of error is sustained.

### III.

**{¶16}** Tenant's assignments of error are sustained. The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
CARLA MOORE
FOR THE COURT


SCHAFER, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶17} I respectfully dissent. I would reverse on the basis that there are issues of material fact.


APPEARANCES:

SEAN BUCHANAN, Attorney at Law, for Appellant.

JOSEPH K. OLDHAM, Attorney at Law, for Appellee.