[Cite as *Rader v. RLJ Mgt. Co., Inc.*, 2024-Ohio-391.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### HANCOCK COUNTY

**NADINE RADER,**

    **PLAINTIFF-APPELLANT,**

  **v.**

**RLJ MANAGEMENT CO., INC.,**

    **DEFENDANT-APPELLEE.**

**CASE NO. 5-23-37**

**O P I N I O N**

Appeal from Hancock County Common Pleas Court
Trial Court No. 2022-CV-00230

**Judgment Affirmed in Part, Reversed in Part and Cause Remanded**

**Date of Decision:  February 5, 2024**

**APPEARANCES:**

    *Drew R. Massé* **for Appellant**

    *Matthew P. Baringer* **for Appellee**

**WALDICK, J.**

{¶1} Plaintiff-appellant, Nadine Rader ("Rader"), brings this appeal from the August 8, 2023, judgment of the Hancock County Common Pleas Court granting summary judgment in favor of defendants-appellees, RLJ Management Co, Inc. ("RLJ Management"). On appeal, Rader argues that the trial court erred by determining that she did not adequately plead a claim under the Landlord-Tenant Act, and that the trial court erred by determining that the pothole Rader fell into was an open and obvious hazard. For the reasons that follow, the trial court's judgment is affirmed in part and reversed in part.

*Background*

{¶2} In July of 2020, Rader was a resident of Legacy Village at St. Catherine's in Findlay. The housing community was managed by RLJ Management.

{¶3} On July 8, 2020, Rader inadvertently stepped into a pothole in the parking lot of the community. Rader described the pothole as being approximately six inches deep and ten inches wide. Rader was injured in the incident.

{¶4} On June 30, 2022, Rader filed a complaint against RLJ Management alleging that RLJ Management had

> breached its duty to exercise reasonable care to [Rader] * * *
>
> a. By violating the non-delegable and affirmative duty to keep the premises safe for use by business invitees;

b. By carelessly and/or negligently allowing a dangerous condition, a pothole and/or defective parking lot, to exist on a walkway traversed by invitees when it could not easily be seen by invitees and was not open and obvious on the premises;

c. By authorizing and/or creating and/or maintaining and/or suffering to exist a nuisance, a pothole and/or defective parking lot, on the premises which was negligently allowed to continue;

d. By failing to warn Plaintiff Nadine Rader of the dangerous and/or unsafe and/or defective condition on the premises of which it was aware, or in the exercise of reasonable care should have been aware, and of which Plaintiff Nadine Rader was unaware; and,

e. By authorizing and/or creating and/or maintaining and/or suffering to exist an unreasonably dangerous condition.

Rader alleged that as a proximate result of RLJ Management's negligence, she suffered severe and permanent injuries and damages in excess of $25,000.

**{¶5}** On August 8, 2022, RLJ Management filed an answer acknowledging that it managed the property at issue and that Rader was a tenant on July 8, 2022. However, RLJ Management denied negligence and asserted numerous affirmative defenses including that the condition Rader complained of was "open and obvious."

**{¶6}** As the case proceeded through discovery, Rader was deposed. In her deposition, Rader testified that she had notified management on prior occasions about the potholes and that she had damaged her car in 2019 by hitting a pothole in the parking lot.

{¶7} On June 2, 2023, RLJ Management filed a motion for summary judgment arguing that the pothole was an open and obvious hazard thus the company could not be held liable.

{¶8} On June 29, 2023, Rader filed a memorandum in opposition contending that RLJ Management had breached provisions of R.C. 5321.04 in the Landlord-Tenant Act and that the "open and obvious" defense did not apply to breach of statutory duties.

{¶9} On July 7, 2023, RLJ Management filed a reply brief contending that Rader failed to bring a claim under R.C. 5321.04 in her complaint and she could not raise it for the first time in response to summary judgment.

{¶10} On July 18, 2023, the trial court issued a decision determining that with regard to Rader's common law claim of negligence, the pothole was an open and obvious hazard, precluding recovery. The trial court also determined that Rader's failure to specifically plead a statutory cause of action under R.C. 5321.04 precluded the trial court from reviewing the matter because it would be unfair to require RLJ Management to "respond[] without adequate preparation."

{¶11} The trial court filed a final judgment entry granting summary judgment in favor of RLJ management on August 8, 2023. It is from this judgment that Rader appeals, asserting the following assignments of error for our review.

**First Assignment of Error**

**The trial court erred when it granted summary judgment in favor of Appellee RLJ Management Co., Inc. on the basis that Appellant Nadine Rader had not sufficiently pled a claim under Ohio's Landlord-Tenant Act, R.C. § 5321.01, et seq.**

**Second Assignment of Error**

**The trial court erred when it granted summary judgment in favor of Appellee RLJ Management Co., Inc. on the basis that the hazard was open and obvious.**

*First Assignment of Error*

{¶12} In her first assignment of error, Rader argues that the trial court erred by determining that she had not sufficiently pled a claim under Ohio's Landlord-Tenant Act.

Standard of Review

{¶13} Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Whittaker v. Lucas County Prosecutor's Office*, 164 Ohio St.3d 151, 2021-Ohio-1241, ¶ 8. Material facts are those facts "'that might affect the outcome of the suit under the governing law.'" *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993), quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). "Whether a genuine issue exists is answered by the following

inquiry: [d]oes the evidence present 'a sufficient disagreement to require submission to a jury' or is it 'so one-sided that one party must prevail as a matter of law[?]'" *Id.* quoting *Anderson* at 251-252.

{¶14} "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 282 (1996). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Id.*, citing *Dresher* at 292. "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Id.* citing *Dresher* at 292.

{¶15} We review a trial court's decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). "De novo review is independent and without deference to the trial court's determination." *ISHA*, *Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25.

Analysis

{¶16} In order to establish negligence, Rader needed to present evidence to show that RLJ Management failed to act with reasonable care. "In the landlord-tenant area, the standard of care can be established in one of two ways." *Mounts v.*

*Ravotti*, 7th Dist. Mahoning No. 07 MA 182, 2008-Ohio-5045, ¶ 15. The first way is through common-law liability. *Id.* at ¶ 16. However, under the common law theory, the open and obvious doctrine would apply and defeat a negligence claim. *Id.*

{¶17} "The second way the standard of care could be established is to look to statute." *Id.* at ¶ 17. Revised Code 5321.04(A) contains statutory obligations of a landlord. It reads, in part:

> (A) A landlord who is a party to a rental agreement shall do all of the following:
>
> (1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;
>
> (2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;
>
> (3) Keep all common areas of the premises in a safe and sanitary condition[.]

When a landlord violates a duty under R.C. 5321.04, the violation constitutes negligence per se. *Rivotti* at ¶ 22; *Mann v. Northgate Inv'rs, L.L.C.*, 138 Ohio St.3d 175, 2014-Ohio-455, 5 N.E.3d 594, ¶ 1. "[A] landlord may not rely upon the open-and-obvious doctrine to escape liability" under negligence per se. *Mann* at ¶ 24.

{¶18} Here, the trial court determined that Rader did not adequately plead a violation of R.C. 5321.04, thus the open and obvious doctrine defeated her claim. After reviewing the matter, we agree that Rader does not specifically mention any

provisions of R.C. 5321.04 in her complaint. She does, however, assert a claim of negligence and she explicitly mentions that she was a tenant of the property managed by RLJ Management. Under circumstances similar to the case before us, multiple Ohio Appellate Courts have determined that a tenant sufficiently raised a claim under R.C. 5321.04 without mentioning the statute in the complaint.

{¶19} For example, in *Mounts v. Ravotti*, 7th Dist. Mahoning No. 07 MA 182, 2008-Ohio-5045, the Seventh District Court of Appeals held that a tenant had sufficiently pled a claim under R.C. 5321.04 without mentioning the statute in the complaint. In making its finding, the Seventh District Court of Appeals conducted the following analysis:

> Ohio is a notice pleading state. This means a complaint is sufficient if it puts defendants on notice of the general claims. Civ.R. 8(A) requires only that a pleading contain a short and plain statement of the circumstances entitling the party to relief and the relief sought. A party is not required to plead the legal theory of recovery. *Illinois Controls, Inc. v. Langham,* 70 Ohio St.3d 512, 526, 639 N.E.2d 771, 1994–Ohio–99. "The purpose of Civ.R. 8(A) is to give the defendant fair notice of the claim and an opportunity to respond." *Leichliter v. Natl. City Bank of Columbus* (1999), 134 Ohio App.3d 26, 31, 729 N.E.2d 1285.
>
> Furthermore, "Civ.R. 8(F) * * * provides that '[a]ll pleadings shall be so construed as to do substantial justice.' The rules make it clear that a pleader is not 'bound by any particular theory of a claim but that the facts of the claim as developed by the proof establish the right to relief.' *Id.,* quoting McCormac, Ohio Civil Rules Practice (2d Ed.1992) 102, Section 5.01. See also *Fancher v. Fancher* (1982), 8 Ohio App.3d 79, 82, 455 N.E.2d 1344. Thus, the labels used in a particular cause of action do not control the nature of the cause of action. *Funk v. Rent–All Mart, Inc.* (2001), 91 Ohio St.3d 78, 80, 742

N.E.2d 127; *Sprouse v. Eisenman,* 10th Dist. No. 04AP–416, 2005–Ohio–463, ¶ 8. The object is not absolute technical conformity, but substantial justice." *Kramer v. Angel's Path, L.L.C.,* 174 Ohio App.3d 359, 882 N.E.2d 46, 2007–Ohio–7099, ¶ 13.

The complaint does not reference R.C. 5321.04. However, the pleading clearly asserts that Ravotti had a duty to maintain the stairs, she knew or should have known about the condition of the stairs and she failed to abate the condition of the stairs. This language could be seen to assert a common law premises liability cause of action and a cause of action under R.C. 5321.04(A)(2) for failing to repair the steps.

Thus, Ravotti had fair notice of the claim under R.C. 5321.04(A).

*Ravotti* at ¶ 24-26.

**{¶20}** Other Ohio Appellate Courts have made similar findings. *Arnett v. Mong*, 2016-Ohio-2893, 65 N.E.3d 72, ¶ 8 (12th Dist.) (holding that although complaint did not "specifically reference a violation of R.C. 5321.04(A) * * * 'Ohio law does not require negligence per se to be pled with particularity because negligence and negligence per se are closely intertwined concepts and Ohio's Civ.R. 8 requires only notice pleading.'"); *Gress v. Wechter*, 6th Dist. Huron No. H-12-023, 2013-Ohio-971, ¶ 15 (holding that complaint is not limited to common law negligence claim where complaint made no reference to R.C. 5321.04(A) because, "A party is not required to plead the legal theory of recovery. * * * [Negligence] language in the complaint [is] sufficient to state a claim under R.C. 5321.04.")

**{¶21}** We agree with the other Ohio Appellate Districts. Given that Ohio is a notice pleading state, a complaint that alleges negligence and specifically states

that the plaintiff was a tenant of defendant's property is sufficient to put defendant on notice that a violation of the Landlord-Tenant Act is being alleged. Because the trial court determined that the complaint was not sufficient to state a statutory violation of R.C. 5321.04, Rader's first assignment of error is sustained.

*Second Assignment of Error*

**{¶22}** In her second assignment of error, Rader argues that the trial court erred by granting RLJ Management summary judgment on her claim of common law negligence under the "open and obvious" defense.

Analysis[1]

**{¶23}** Generally, "[w]here a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong v. Best Buy Co., Inc.,* 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, syllabus, approving and following *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589. "[T]he owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 644, 597 N.E.2d 504. Thus, when a plaintiff is injured by an open and obvious danger, summary judgment is usually appropriate because the duty of care necessary to establish negligence does not exist as a matter of law. *Armstrong* ¶ 14–15.

---

[1] The same standard of review applicable in the first assignment of error is applicable here.

**{¶24}** In this case, Rader acknowledged that she was aware of the numerous potholes in the area and that she had looked for them in the past. The pothole she fell into was large and readily observable. Rader acknowledged that she was not looking down when she fell into the pothole because she was walking around her car. In fact, Rader testified that if she had looked down, she would have seen the pothole.

**{¶25}** Under the facts and circumstances of this case, where Rader does not establish any attendant circumstances, and by all accounts she would have seen the pothole if she looked down, we find no error with the trial court's judgment that the pothole at issue was open and obvious as a matter of law, defeating her common law negligence claim. *See Hissong v. Miller*, 186 Ohio App.3d 345, 2010-Ohio-961, 927 N.E.2d 1161, ¶ 12 (2d Dist.). Therefore, Rader's second assignment of error is overruled.

*Conclusion*

**{¶26}** Having found error prejudicial to Rader in the first assignment of error, but having found no error prejudicial to Rader in the second assignment of error, the judgment of the Hancock County Common Pleas Court is affirmed in part and reversed in part. This matter is remanded for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part,*
*and Cause Remanded*

**MILLER and ZIMMERMAN, J.J., concur.**

**/hls**