[Cite as *McPherson v. Total Car Express, Inc.*, 2015-Ohio-5251.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| FRANK AND KIMBERLY MCPHERSON | : | JUDGES: |
| | : | |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellants | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2015CA00081 |
| | : | |
| TOTAL CAR EXPRESS, INC., ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
                             Common Pleas, Case No.
                             2014CV02190

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      December 14, 2015

APPEARANCES:

For Plaintiffs-Appellants:                For Defendants-Appellees:

STACIE L. ROTH                            CARI FUSCO EVANS
236 Third Street, SW                      3521 Whipple Avenue
Canton, OH 44702                          Canton, OH 44718

*Delaney, J.*

{¶1}   Plaintiffs-Appellants Frank and Kimberly McPherson appeal the March 31, 2015 judgment entry of the Stark County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2}   Defendant-Appellee Total Car Express, Inc. is a business operated out of a building located in Canton, Ohio. Defendant-Appellee Michael Audi is a principal and owner of Total Car Express.

{¶3}   In 2011, the building suffered damage to its roof. Audi asked Chad Jenkins to perform the roof repair, but Jenkins did not have enough workers to complete the job. Jenkins suggested assistance from Plaintiff-Appellant Frank McPherson, whom he represented had experience performing work similar to roof replacement. Audi agreed to pay Jenkins and McPherson on a daily rate for the completion of the roof replacement.

{¶4}   Jenkins alleged he was a laborer hired to perform work on the roof replacement. Jenkins, McPherson, and two other workers performed all work on the roof. The initial stage of work on the roof was to tear off the remnants of the roof and to remove the collapsed roof. The previous roof had been a flat roof, and the intention was to install a new roof that would match the angle of the other portion of the building. Audi permitted McPherson and the workers to use his tools and equipment. In order to complete the work on the roof, the workers used an aluminum extension ladder. McPherson stated during his deposition that he was familiar with extension ladders and how to use them prior to his work on the roof. Since the beginning of the work on the roof, McPherson and the other men on the job used the extension ladder provided by Audi.

{¶5} After the roof demolition, there was period of delay. The trusses for the roof had not been delivered and the work was on hold. On April 5, 2011, McPherson and his friend, Shawn Venables went to the building believing the trusses were to be delivered. The trusses were not delivered, so instead McPherson performed cleanup work on the floor and south side of the building. While at the building, McPherson intended to retrieve an air compressor hose to use at his personal residence. The air compressor hose was on the roof of the building.

{¶6} McPherson needed to use the aluminum extension ladder to gain access to the roof to get the air compressor hose. The extension ladder was laying on its side in the building. Venables put the extension ladder against the building. Before climbing the ladder, McPherson did not check the ladder for safety because it was in place.

{¶7} McPherson stated he had almost reached the top of the ladder when the bottom of the ladder slid out from underneath him and fell to the ground. McPherson fell on top of the ladder as it slid to the ground. McPherson said his arms and legs were tangled in the ladder as he fell. McPherson suffered injuries in the fall.

{¶8} McPherson has no independent knowledge of what caused the ladder to fall. McPherson testified in his deposition that his friend, Shawn Venables looked at the ladder after the incident and he thought a rubber pad was missing from the foot of the ladder. After the incident, Audi removed the ladder from the building. Audi kept the ladder and Audi then gave the ladder to his legal counsel. Audi stated in his affidavit that the ladder is not missing a rubber pad at the foot.

{¶9} Plaintiffs-Appellants Frank and Kimberly McPherson filed their original complaint against Defendants-Appellees Total Car Express, Inc. and Michael Audi in

2012. McPherson voluntarily dismissed the complaint on October 10, 2013. McPherson refiled the complaint on September 22, 2014. In the complaint, McPherson alleged claims for negligence, alteration/spoliation of evidence, and loss of consortium/loss of services.

{¶10} Total Car Express and Audi filed a motion for summary judgment. In support of the motion for summary judgment, Total Car Express and Audi submitted the deposition of McPherson and the affidavit of Audi. Audi attached photographs of the ladder to his affidavit. McPherson responded to the motion for summary judgment. McPherson presented his deposition to support his response to the motion for summary judgment.

{¶11} On March 31, 2015, the trial court granted the motion for summary judgment. Relevant to this appeal, the trial court found there was no Civ.R. 56 evidence to create a genuine issue of material fact that there was a breach of duty owed to McPherson by Total Car Express or Audi, or that a breach of duty proximately caused McPherson's injury.

{¶12} It is from this decision McPherson now appeals.

**ASSIGNMENT OF ERROR**

{¶13} McPherson raises one Assignment of Error:

{¶14} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN ISSUES OF FACT REMAINED AS TO WHETHER APPELLEE PROVIDED A DEFECTIVE LADDER TO APPELLANT FOR HIS USE, DIRECTLY AND PROXIMATELY CAUSING HIS INJURIES AND DAMAGES."

## ANALYSIS

### Standard of Review

{¶15} McPherson argues in his sole Assignment of Error that the trial court erred when it granted summary judgment in favor of Total Car Express and Audi. We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.* * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶16} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the

means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶17} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

### Negligence

{¶18} In McPherson's appeal, he only argues the trial court erred as to its decision on his claim for negligence. McPherson does not argue his claim as to spoliation of the evidence or loss of consortium. In a negligence action, it is fundamental that the plaintiff in such a case must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom. *Scharver v. Am. Plastics Products, LLC*, 5th Dist. Stark No. 2009 CA 00087, 2010-Ohio-230, ¶ 12 citing *Menifee v. Ohio Welding Prod., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

{¶19} McPherson stated that on the day of the incident, he was at the building to perform cleanup work. He climbed the extension ladder that day, however, to access the roof and retrieve an air compressor hose for personal use. Climbing and descending a ladder is inherently dangerous work. *Hackney v. Ward*, 2nd Dist. Montgomery Nos. 26175, 26233, 2014-Ohio-4413, ¶ 14 citing *Alapi v. Colony Roofing, Inc.*, 8th Dist. Cuyahoga No. 83755, 2004–Ohio–3288, ¶ 33. In negligence actions involving inherently dangerous work, the owner of the premises generally does not owe a duty to an independent contractor or its employees. *Wellman v. East Ohio Gas Co.*, 160 Ohio St. 103, 113 N.E.2d 629 (1953), paragraph two of the syllabus. However, an exception to the

general rule exists when the owner of the premises "actually" or "actively" participates in the work being performed by the independent contractor. *Hirschbach v. Cincinnati Gas & Elec. Co.*, 6 Ohio St.3d 206, 452 N.E.2d 326 (1983), syllabus; *Cafferkey v. Turner Construction Co.*, 21 Ohio St.3d 110, 488 N.E.2d 189 (1986), syllabus.

{¶20} The "active participation" doctrine imposes a duty of care upon a property owner to an independent contractor involved in an inherently dangerous activity on the property when the owner: "(1) directs the activity resulting in the injury; (2) gives or denies permission for the critical acts that led to the [independent contractor's] injury; or (3) retains or exercises control over a critical variable in the workplace that caused the injury." *Hackney v. Ward*, 2nd Dist. Montgomery Nos. 26175, 26233, 2014-Ohio-4413, ¶ 15 quoting *Evans v. Dayton Power & Light Co.,* 4th Dist. Adams No. 03CA763, 2004–Ohio–2183, ¶ 33. "Absent 'active participation,' the general rule of *Wellman* applies and an owner cannot be liable in negligence due to the lack of a legal duty owed to the * * * independent contractor." *Id.*

{¶21} In this case, Total Car Express and/or Audi provided McPherson with the aluminum extension ladder. The Civ.R. 56 evidence demonstrates, however, that Total Car Express and/or Audi did not actively participate in McPherson's work to cause his injuries. On April 5, 2011, Audi did not direct McPherson's activities nor did he give or deny permission for the critical acts that led to McPherson's injury. On April 5, 2011, McPherson and Venables went to the building intending to work because they believed the trusses were to be delivered that day. McPherson stated that Audi informed him that the trusses were not delivered and he did not know when they would be delivered. Because no roofing work was to be performed, McPherson cleaned the floor on the south

side of the building. McPherson testified in his deposition that he wanted to get the air compressor hose located on the roof for his personal use. Venables placed the ladder. McPherson did not inspect the ladder before he climbed it. When he almost reached the top of the ladder, the ladder fell and McPherson hit the ground.

{¶22} We find that reasonable minds could only conclude that Total Car Express and Audi did not owe McPherson a duty of care because Audi did not actively participate in McPherson's work. Audi provided McPherson with the ladder but he did not control the ladder. Venables placed the ladder and McPherson did not inspect the ladder before climbing. McPherson climbed the ladder that day for personal reasons, not for work-related purposes. Audi did not direct McPherson or give permission to McPherson to perform any work on the roof that day. Further, even if it could be found that Total Car Express and Audi owed McPherson a duty of care, McPherson failed to demonstrate a breach of the duty and that breach proximately caused his injuries.

{¶23} McPherson claims his injury was caused by a defect in the ladder, but McPherson has not provided any Civ.R. 56 evidence to create a genuine issue of material fact as to this claim. The only Civ.R. 56 evidence in this case is the deposition of McPherson and the affidavit of Audi. On the date of the accident, McPherson testified he did not place the ladder and he did not inspect the ladder before climbing. McPherson testified he did not know what caused the ladder to fall, but repeated the statements of Venables who thought the ladder was missing a rubber pad on the bottom foot of the ladder. McPherson did not present a deposition or affidavit from Venables; therefore, Venables' statements are hearsay. Audi provided photographs of the ladder attached to his affidavit. Audi averred the ladder was in the same condition that it was in when the

accident occurred and there were no apparent defects in the ladder, or defects known to him regarding the ladder.

{¶24} The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264 (1996). Those materials include "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, filed in the action." *Id.* at 293, 662 N.E.2d 264; Civ.R. 56(C).

{¶25} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293, 662 N.E.2d 264; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Id.* Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

{¶26} In this case, McPherson has failed to meet his burden under Civ.R. 56 to demonstrate there are genuine issues of material fact that Total Car Express and Audi owed McPherson a duty of care or that Total Car Express and Audi breached the duty of care, proximately causing his injury. Reasonable minds could only conclude that Total Car Express and Audi were not negligent on April 5, 2011.

{¶27} McPherson's sole Assignment of Error is overruled.

**CONCLUSION**

{¶28} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Wise, J., concur.