[Cite as *Lattimore v. K & A Market, Inc.*, 2016-Ohio-5295.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

ANDREA LATTIMORE,                    :      APPEAL NO. C-150753
                                            TRIAL NO. A-1500383
    Plaintiff-Appellant,         :

  vs.                                 :      *O P I N I O N.*

K & A MARKET, INC.,                  :

  and                                :

CARRIE L. MOLLER TRUST,              :

    Defendants-Appellees,        :

  and                                :

MOLINA HEALTHCARE OF OHIO,           :

    Defendant.                   :


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  August 10, 2016


*Anthony J. Iaciofano* and *R. David Weber*, for Plaintiff-Appellant Andrea Lattimore,

*James R. Hartke*, for Defendant-Appellee K & A Market, Inc.,

*Jeffrey A. Stepner*, for Defendant-Appellee Carrie L. Moller Trust.

**DEWINE, Judge.**

{¶1}     This is an appeal in a slip and fall case.  A customer tripped on the edge of a handicap ramp while shopping at a convenience store.   The trial court granted summary judgments in favor of the convenience store and the property owner.  We affirm.  The defendants owed no duty to the customer because the rise in the floor on which she fell was open and obvious.  Further, the doctrine of negligence per se does not apply to create a duty because the customer has failed to show the violation of a legislative enactment.

## I.     Background

{¶2}     Andrea Lattimore fell while shopping at K & A Market.  As she tells it, she entered the store and immediately spotted a display of snacks from which she sought to make a purchase.   She took two steps into the store and turned to her left to reach the snack rack.  When she did so, she tripped on a rise at the edge of a handicap ramp.

{¶3}     Apparently, there had once been a handrail on the ramp.  The market had removed the handrail—with the property owner's permission—soon after it had taken over occupancy of the building.  Ms. Lattimore testified that she had been in the building on numerous occasions before the handrail was removed.   Following Ms. Lattimore's accident, a city of Cincinnati building inspector issued the property owner a notice of violation of a Cincinnati Municipal Code section requiring that railings be maintained in good repair.

{¶4}     Ms. Lattimore filed a complaint for negligence and negligence per se against K & A Market, Inc., and the owner and lessor of the property, the Carrie L. Moller Trust.  Both moved for and were granted summary judgment.  The trial court

concluded that the hazard was open and obvious and that the Cincinnati Municipal Code provision alleged to have been violated was not sufficiently specific to allow for the application of negligence per se. Ms. Lattimore now appeals, challenging both conclusions in a single assignment of error.

## II. The Rise Was Open and Obvious

{¶5} The owner or occupier of property owes no duty to warn a person entering the premises of an open and obvious danger. *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, syllabus. "The rationale underlying this doctrine is 'that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.' " *Id.* at ¶ 5, quoting *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992). "A danger is open and obvious if it is not 'hidden, concealed from view, or undiscoverable upon ordinary inspection.' " *Esterman v. Speedway, LLC*, 1st Dist. Hamilton No. C-140287, 2015-Ohio-659, ¶ 7, quoting *Thompson v. Ohio State Univ. Physicians, Inc.*, 10th Dist. Franklin No. 10AP-612, 2011-Ohio-2270, ¶ 12.



{¶6} We agree with the trial court that the rise in the floor was open and obvious. This is a case where a picture is truly worth a thousand words. As demonstrated by the photograph to the right, the ramp was visible and distinct from the raised floor. The ramp had a different type of floor covering,

and the drop was marked with orange tape. In addition, a warning sign on the door alerted customers to the uneven rise.

{¶7} Ms. Lattimore argues that "attendant circumstances" militate against a finding that the hazard was open and obvious. *See Martin v. Christ Hosp.*, 1st Dist. Hamilton No. C-060639, 2007-Ohio- 2795, ¶ 19. In determining whether a danger is open and obvious, a court may consider attendant circumstances that would reduce the attention of a patron in the same circumstances and increase the risk of a fall. *McGuire v. Sears, Roebuck & Co.*, 118 Ohio App.3d 494, 499, 693 N.E.2d 807 (1st Dist.1996). Ms. Lattimore says she was "barely in the front door" when she became so distracted by a bright display of potato chips and other snacks that she was oblivious to the rise on the floor. But "attendant circumstances do not include a person's activity at the time of a fall unless the person's attention was diverted by 'an unusual circumstance of the property owner's own making.' " *Esterman* at ¶ 11, quoting *McConnell v. Margello*, 10th Dist. Franklin No. 06AP-1235, 2007-Ohio-4860, ¶ 17. A potato chip display in a convenience store is hardly "an usual circumstance." Even considering the chips, we have little difficulty concluding the danger confronting Ms. Lattimore was open and obvious.

### III. Negligence Per Se Analysis Is Not Warranted Here

{¶8} Ms. Lattimore also maintains that the trial court erred in failing to apply the doctrine of negligence per se to find that the defendants owed her a duty of care.

{¶9} Even if a hazard is open and obvious, a landowner or occupier may still owe a duty to one who comes on the property as the result of a specific legislative enactment. *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 13. Thus, while "the open-and-obvious doctrine can excuse a

defendant's breach of a common-law duty of care, it does not override statutory duties." *Id.* at ¶ 14. Violation of such a statutory duty is negligence per se. *Id.* This doctrine allows the plaintiff to establish "the first two prongs of the negligence test, duty and breach of duty, by merely showing that the defendant committed or omitted a specific act prohibited or required by statute." *Id.* at ¶ 15. In order for negligence per se to apply, however, the legislative enactment must "set[] forth a positive and definite standard of care*." Mann v. Northgate Investors, L.L.C.*, 138 Ohio St.3d 175, 2014-Ohio-455, 5 N.E.3d 594, ¶ 29.

{¶10} Ms. Lattimore argues that negligence per se should be applied in this case based upon the purported violation of Cincinnati Municipal Code 1119-03.4. That section requires that all "stairs, stair landings and railings shall be maintained in sound condition and good repair."

{¶11} Defendants counter that negligence per se is not applicable here because the requirement alleged to have been violated was a building code requirement. They rely upon *Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, where the Ohio Supreme Court found that negligence per se could not be premised on a violation of the Ohio Building Code. There, the court relied upon the fact that the Ohio Building Code was not a legislative enactment, but rather was created by administrative agency employees who implement the legislature's policy directives. *Id.* at ¶ 18. The provision in this case, although comparable in substance to the provision at issue in *Holly Hill*, was part of the Cincinnati Municipal Code, enacted by Cincinnati City Council. The Second Appellate District has concluded that because such municipal code provisions are legislative enactments rather than administrative regulations, building code requirements therein could be the basis for a finding of negligence per se. *See Gibbs v. Speedway LLC*, 2014-Ohio-3055, 15 N.E.3d 444, ¶ 39 (2d Dist.).

**{¶12}** Assuming that a violation of the Cincinnati Municipal Code provision could constitute negligence per se, we still do not find that there is any basis for application of the principle on the facts before us. Here, the duty imposed by Cincinnati Municipal Code 1119-03.4 was that railings be maintained in sound condition and good repair. As we read the provision it does not mandate the existence of a railing, only that if one exists that it be properly maintained. Nor does Ms. Lattimore point to any other code section that requires the existence of a railing. Thus, there is no basis to apply negligence per se.

### IV.    Conclusion

**{¶13}** The defendants owed no duty of care to Ms. Lattimore because the danger was open and obvious and because they were not negligent per se. The assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **MOCK, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.