[Cite as *Asher v. Glenway Real Estate, L.L.C.*, 2019-Ohio-4851.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| PATRICIA ASHER, | : | APPEAL NO. C-180663 |
|  |  | TRIAL NO. A-1705374 |
| Plaintiff-Appellant, | : |  |
|  |  | *O P I N I O N.* |
| vs. | : |  |
| GLENWAY REAL ESTATE, LLC, | : |  |
| and | : |  |
| BERNENS CONVALESCENT PHARMACY, INC., | : |  |
| Defendants-Appellees. | : |  |

Civil Appeal From:   Hamilton County Court of Common Pleas

Judgment Appealed From Is:   Affirmed in Part, Reversed in Part, and Cause
                            Remanded

Date of Judgment Entry on Appeal: November 27, 2019

*Mark B. Smith Co., LPA*, and *Mark B. Smith*, for Appellant,

*Reminger Co., L.P.A.*, and *Timothy B. Spille*, for Appellee Glenway Real Estate, LLC,

*Rolfes Henry Co., L.P.A., Jerome F. Rolfes* and *Meagan L. Tate*, for Appellee
Bernens Convalescent Pharmacy, Inc.

**MYERS, Presiding Judge.**

{¶1}     Plaintiff-appellant Patricia Asher appeals the trial court's judgment granting summary judgment to defendants-appellees Glenway Real Estate, LLC, ("Glenway") and Bernens Convalescent Pharmacy, Inc., ("Bernens") on Asher's claims for negligence and negligence per se.

{¶2}     Because the trial court erred in determining that the hazard on which Asher was injured was open and obvious, and because genuine issues of material fact exist as to whether Glenway and Bernens had prior knowledge of the hazard, we reverse the trial court's grant of summary judgment on Asher's claim for negligence. But we affirm the trial court's grant of summary judgment on Asher's claims for negligence per se, as the statutes relied upon by Asher to establish negligence per se set forth only a general description of a duty and do not establish a definite standard of care, and thus cannot serve as the basis for negligence per se.

### *Factual and Procedural Background*

{¶3}     Asher suffered injury when she fell backwards down a flight of stairs while attempting to enter the rear entrance of Bernens's pharmacy.  Bernens was a tenant in a building owned by Glenway.  The rear entrance to the pharmacy was located in the back parking lot of the building.  To enter, a patron had to walk up three steps.  There was a handrail on the left side of the stairs.

{¶4}     On the day of her injury, Asher, who was 79 years old and walked with a cane, parked her vehicle in the parking lot and walked to the bottom of the stairs. She hung her cane over her left arm and climbed the stairs, utilizing the handrail as she climbed.  Asher attempted to pull open the door at the top of the steps.  The door

opened outwards, and it swung wider than the landing on the top step. And from our review of a video depicting Asher's fall, it appeared to extend over the next step down. Asher had to step back to allow the door to fully open. As she attempted to do so, she lost her footing and fell backwards down the stairs, suffering serious injury.

{¶5} Asher filed suit against Bernens and Glenway. Her complaint contained a claim for negligence, alleging that the rear entrance posed an unreasonable hazard that was neither open nor obvious, and that Bernens and Glenway were aware of the dangerous nature of the entrance and failed to take reasonable steps to reconfigure it. The complaint also contained claims for negligence per se. Those claims alleged that the configuration of the rear entrance violated the Ohio and Cincinnati building codes and the Americans with Disabilities Act ("ADA"), although the complaint did not state which specific provisions were allegedly violated.

{¶6} Both Bernens and Glenway moved for summary judgment. They argued that any hazard posed by the configuration of the rear entrance was open and obvious and that they neither knew nor should have known that the rear entrance posed a hazard. They further argued that administrative regulations in the building codes and the ADA could not serve as the basis for a negligence per se claim. Glenway additionally argued that the building and stairs at issue were built prior to the enactment of the ADA and building codes, and that the regulations could not be given retroactive effect.

{¶7} Bernens submitted an affidavit from Ann Marie Engelhardt, a co-owner and vice-president of Bernens. Engelhardt stated that neither she, nor any other officers or owners of Bernens, had any prior knowledge that the rear entrance

posed a hazardous condition. Glenway submitted an affidavit from Mary Engelhardt, sole member of Glenway, who stated that Glenway had no knowledge of any concerns, defects, or issues with the rear entrance.

{¶8} Asher opposed the motions for summary judgment. She argued that the specific hazard posed by the rear entrance was that the door opened beyond the landing, and that the hazard was not open and obvious because a reasonable person was unable to perceive the risk posed by the door until the hazard was already encountered. Asher further argued that Bernens and Glenway were aware of the hazard, as evidenced by the fact that Bernens had considered modifying the entrance prior to her accident. With respect to her claims for negligence per se, Asher argued that the Cincinnati Municipal Code ("C.M.C."), had adopted the Ohio Building Code, and consequently that a violation of the building code could constitute negligence per se. She further argued that the defendants' violation of C.M.C. 1101-63.1 and 1119-03.3 constituted negligence per se. But she advanced no arguments with respect to the claim in her complaint that negligence per se was established from the defendants' violation of the ADA.

{¶9} Asher submitted an affidavit from professional architect Joseph Brashear. Brashear stated that the rear entrance to the pharmacy posed a significant hazard to customers entering the store, and that the hazard was open and obvious to a professional architect, but not to a layperson. He further stated that the configuration of the entrance was in violation of the Ohio Building Code and C.M.C. 1101-63.1 and 1119-03.3.

{¶10} The trial court granted the motions for summary judgment. It held that any hazard posed by the rear entrance was open and obvious, and that the

defendants had no knowledge of any alleged defect with the rear entrance. It further held that any alleged violations of the ADA and the C.M.C. did not support a finding of negligence per se, which would overcome the open-and-obvious doctrine.

{¶11} Asher appeals, arguing in a single assignment of error that the trial court erred in granting summary judgment to Bernens and Glenway on her claims for negligence and negligence per se.

### Standard of Review

{¶12} We review a trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriately granted when there exists no genuine issue of material fact, the party moving for summary judgment is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to that party. *State ex rel. Howard v. Ferreri,* 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).

### Negligence

{¶13} Asher argues that the trial court erred in granting summary judgment to Bernens and Glenway on her negligence claim because the hazard posed by the rear entrance was not open and obvious.

{¶14} To succeed on a negligence claim, a plaintiff must establish that "(1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the plaintiff suffered injury proximately caused by the defendant's breach of duty." *Patterson v. Adleta, Inc.*, 2018-Ohio-3896, 119 N.E.3d 982, ¶ 7 (1st

5

Dist.), citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

{¶15} A business owner owes its invitees a duty to maintain the premises in a reasonably safe condition. *Esterman v. Speedway LLC*, 1st Dist. Hamilton No. C-140287, 2015-Ohio-659, ¶ 6. But "[w]here a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 11, quoting *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, syllabus. Invitees are reasonably expected to discover and protect themselves against such dangers. *Esterman* at ¶ 6. An open-and-obvious danger is one that is not "hidden, concealed from view, or undiscoverable upon ordinary inspection." *Id.* at ¶ 7, quoting *Thompson v. Ohio State Univ. Physicians, Inc.,* 10th Dist. Franklin No. 10AP-612, 2011-Ohio-2270, ¶ 12. Typically, whether a danger is open and obvious is a question of law. *Callentine v. Mill Invests., LLC*, 5th Dist. Tuscarawas No. 2017 AP 06 0014, 2017-Ohio-8634, ¶ 40.

{¶16} Bernens and Glenway contend that the hazard was open and obvious because the stairs, handrail, and rear door were visible to anyone approaching, and because Asher had successfully navigated the stairs on several prior occasions. Asher testified in her deposition that she had used the rear entrance approximately three times prior to her accident. But she explained that on each of those occasions someone else had opened the door for her, and she had never opened the door and navigated the stairs simultaneously.

{¶17} Asher argues that the hazard was not open and obvious because the hazardous condition was not apparent to a patron until the patron actually opened

the rear door and encountered the hazard. We agree. The hazard posed by the rear entrance to the pharmacy is not visible or apparent upon first glance. Rather, the hazard is not discoverable until an invitee attempts to open the door and realizes that it opens outward and extends wider than the landing. Once the hazard is discovered, the invitee has already encountered it. We hold that, as a matter of law, the hazard encountered by Asher was not open and obvious.

{¶18} Asher further argues that the trial court erred in determining that Bernens and Glenway had no knowledge that the configuration of the rear entrance was a hazard.

{¶19} Where premises-liability negligence concerns the existence of a hazard or defect, "a defendant will not be liable for negligence unless its agents or officers actively created the faulty condition, or [] it was otherwise caused and the defendant had actual or constructive notice of its existence." *Korengel v. Little Miami Golf Ctr.*, 1st Dist. Hamilton No. C-180416, 2019-Ohio-3681, ¶ 51; *Heckert v. Patrick*, 15 Ohio St.3d 402, 405, 473 N.E.2d 1204 (1984).

{¶20} Both Bernens and Glenway submitted affidavits that they had no knowledge that the configuration of the rear entrance to the pharmacy posed a hazard. But Asher argues that the deposition testimony of Bernens president Holly Engelhardt established that the defendants were concerned about the rear entrance and had considered reconfiguring the entrance prior to her fall.

{¶21} Holly Engelhardt stated in her deposition that the rear entrance to the pharmacy was reconfigured since Asher's fall and now has a ramp with a landing at the top. According to Engelhardt, Bernens had been considering the reconfiguration

7

prior to Asher's fall to improve accessibility and for ease of access.[1]  Engelhardt acknowledged that safety was also a consideration in determining whether to make the modification.  Engelhardt was aware of three prior incidents or falls that had occurred at the rear entrance.  Bernens vice-president Ann Marie Engelhardt submitted an affidavit explaining these incidents.  In the first incident, a patron started to fall back on the stairs and was able to lower herself to the ground without suffering injury.  In the second incident, a patron lost her balance on the stairs and fell on her husband, causing minor injury.  The third incident involved a patron who scraped his leg on the back steps, but did not suffer a fall.

{¶22}  Following our review of the record, we hold that genuine issues of material fact exist as to whether Bernens and Glenway had knowledge that the configuration of the rear entrance posed a hazard.

{¶23}  Because the hazardous condition encountered by Asher was not open and obvious, and because genuine issues of material fact exist regarding Bernens' and Glenway's knowledge of that condition, we hold that the trial court erred in granting summary judgment on Asher's claim for negligence.

### *Negligence Per Se*

{¶24}  Asher additionally argues that the trial court erred in granting summary judgment on her claims for negligence per se.

{¶25}  While the open-and-obvious doctrine excuses a breach of a defendant's duty of care, it does not override statutory duties.  *Lattimore v. K & A Mkt., Inc.*, 1st Dist. Hamilton No. C-150753, 2016-Ohio-5295, ¶ 9.  The doctrine of negligence per

---

[1] We note that subsequent remedial measures are not admissible to show negligence or other culpable conduct.  Evid.R. 407.  In this case, and in our review, we rely on testimony that appellees were considering modifications <u>prior to</u> the incident.  This goes to notice of the hazard.

se allows a plaintiff to establish "the first two prongs of the negligence test, duty and breach of duty, by merely showing that the defendant committed or omitted a specific act prohibited or required by statute." *Id.*, quoting *Lang,* 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, at ¶ 15. The violation of a legislative enactment, and not an administrative rule, must serve as the basis to support an assertion of negligence per se. *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 565-568, 697 N.E.2d 198 (1998). For a violation of a statute to constitute negligence per se, the statue must "set[] forth a positive and definite standard of care." *Mann v. Northgate Investors, L.L.C.*, 138 Ohio St.3d 175, 2014-Ohio-455, 5 N.E.3d 594, ¶ 29. Where a statute only sets forth a general, abstract description of a duty, a violation of that statute can be considered as evidence of negligence, but will not constitute negligence per se. *Id.*

{¶26} Asher argues that the configuration of the rear entrance to the pharmacy was in violation of both C.M.C. 1101-63.1 and 1119-03.3. C.M.C. 1101-63.1 provides that "[a]ll buildings, structures, and premises shall be deemed a public nuisance constituting a dangerous and unsafe hazard to the safety, health, or general welfare of the occupants or the public if they have defects as set forth herein: * * * (4) Those which are a hazard to the safety, health, or general welfare of the occupants or the public." And C.M.C. 1119-03.3 provides that "[t]he interior and exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare."

{¶27} This court has never specifically addressed whether a violation of a Cincinnati Municipal Code provision could constitute negligence per se, although other districts have held that the violation of a city's municipal code can serve as the

9

basis for a negligence per se claim. *See Gibbs v. Speedway, LLC*, 2014-Ohio-3055, 15 N.E.3d 444, ¶ 39 (2d Dist.) (holding that "the governing bodies of municipalities engage in a legislative process, and their members are accountable to the public. As a result, violations of their rules could constitute negligence per se, assuming the other requirements for negligence per se are met."); *Sabitov v. Graines*, 177 Ohio App.3d 451, 2008-Ohio-3795, 894 N.E.2d 1310, ¶ 33 (8th Dist.) (holding that it was error to dismiss on a motion for judgment on the pleadings the plaintiff's negligence per se claims based upon violations of city ordinances that were enacted through legislation). Assuming that a violation of the Cincinnati Municipal Code could serve as the basis for a negligence per se claim, the specific provisions alleged by Asher to have been violated cannot constitute negligence per se because they merely set forth a general, abstract, description of a duty, and do not set forth a specific and definite standard of care that must be complied with. *See Lattimore* at ¶ 12 (assuming a violation of a municipal code provision could constitute negligence per se, there was no basis for application of the principle based on the facts of the case and the provision at issue).

{¶28} Asher further argues that the trial court erred in granting summary judgment on her claim for negligence per se because the configuration of the rear entrance was in violation of Ohio Building Code 3401.2, which provides that "[b]uildings, structures, equipment and parts thereof, shall be maintained in a safe and sanitary condition and in accordance with the condition(s) established in current and any previous plan approvals and certificates of occupancy." Ohio Adm.Code 4101:1-34-01. But a violation of the building code, an administrative rule, cannot serve as the basis for negligence per se. *Lang*, 122 Ohio St.3d 120, 2009-Ohio-2495,

909 N.E.2d, at ¶ 21. Asher contends that the Cincinnati Municipal Code adopted the Ohio Building Code, and consequently, that the building code became a legislative enactment, for which a violation could constitute negligence per se. We disagree.

{¶29} C.M.C. 1101-01.1, which Asher relied on to support her argument in her opposition to the defendants' motions for summary judgment, provides that "Chapters 1101 to 1119 of Title XI of the Cincinnati Municipal Code shall be known collectively as the 'Cincinnati Building Code,' for which the designation 'CBC', may be substituted." And C.M.C. 1101-05.1, also relied on by Asher, provides that "[t]he Director of Buildings and Inspections is responsible for enforcing the Cincinnati Building Code as well as the following: Cincinnati Zoning Code, Ohio Building Code, Ohio Mechanical Code, Ohio Plumbing Code, Cincinnati Elevator Code, and those provisions of the Cincinnati Municipal Code as may be specified by ordinance or regulation."

{¶30} Contrary to Asher's assertion, these provisions do not establish that the Cincinnati Municipal Code has adopted the Ohio Building Code. Rather, the Cincinnati Municipal Code sets forth its own building code, which is referred to as the Cincinnati Building Code. The Director of Buildings and Inspections has the authority and responsibility to enforce both the Cincinnati Building Code and the Ohio Building Code.

{¶31} The Ohio Building Code provision set forth above cannot serve as the basis for a negligence per se claim. We therefore hold that the trial court did not err in granting summary judgment to Bernens and Glenway on Asher's claims for negligence per se. Asher's assignment of error is sustained in part and overruled in part.

### *Conclusion*

**{¶32}** We reverse the trial court's grant of summary judgment on Asher's claim for negligence, but otherwise affirm the trial court's judgment. This cause is remanded for proceedings consistent with the law and this opinion.

Judgment affirmed in part, reversed in part, and cause remanded.

**BERGERON** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.