[Cite as *Treadway Gallery, Inc. v. Baylor*, 2023-Ohio-3642.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TREADWAY GALLERY, INC., | : | APPEAL NO. C-220635 |
| | | TRIAL NO. A-2000558 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| A. JO BAYLOR, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: October 6, 2023

*Taft Stettinius & Hollister LLP, Chad R. Ziepfel* and *Julian Johnson*, for Plaintiff-Appellee,

*Rolfes Henry Co., LPA, James J. Birch* and *Paige Crossley-Tate*, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1}   In this breach-of-contract action, defendant-appellant A. Jo Baylor appeals the judgment of the trial court ordering her to pay plaintiff-appellee Treadway Gallery, Inc., ("Treadway Gallery") approximately $78,000 for a painting, storage fees, attorney fees, and prejudgment interest.  For the reasons set forth below, we determine that the trial court erred in granting summary judgment in favor of Treadway Gallery, and we reverse the trial court's decision and remand the matter for further proceedings.

## Background

{¶2}   Treadway Gallery auctions and consigns 20th century arts and antiques. On September 15, 2019, Baylor, a Texas resident, registered to bid on Treadway Gallery's online auction.  Baylor purchased a Palmer Hayden painting for $42,250, as well as other items not subject to the underlying appeal.  As part of her online-bidding registration, Baylor agreed to Treadway Gallery's standard terms and conditions, including that she would pay the total purchase price within 30 days, that if she failed to timely pay, she would pay Treadway Gallery's breach-of-contract damages, including attorney fees, and that if she contested the authenticity of the purchased item, she would do so within 30 days of the sale.

{¶3}   On November 19, 2019, and more than 30 days after the auction, Baylor contested the authenticity of the painting.  Treadway Gallery's owner, Drew Treadway, agreed with Baylor via text message to accept payment for the other items Baylor had purchased in the auction and to wait for Baylor's payment on the Hayden painting "until we have a certificate of authenticity."

{¶4} In the following months, Treadway Gallery did not send a certificate of authenticity to Baylor, and Baylor never sent any payment to Treadway Gallery for the Hayden painting. Instead, Treadway Gallery filed the instant complaint against Baylor for breach of contract in February 2020. While its suit remained pending, Treadway Gallery furnished the certificate of authenticity to Baylor in November 2020.

{¶5} Treadway Gallery filed a motion for summary judgment arguing that Baylor breached the contract by failing to pay for the Hayden painting and by failing to challenge the authenticity of the painting within 30 days of the sale as required by the contract terms for the online auction. Baylor responded to Treadway Gallery's motion for summary judgment arguing that a genuine issue of material fact existed as to the condition and authenticity of the Hayden painting.

{¶6} The trial court determined that Baylor breached the contract in November 2020 after she failed to pay for the painting once Treadway Gallery furnished the certificate of authenticity, even though Treadway Gallery filed its lawsuit in February 2020. The trial court entered judgment in favor of Treadway Gallery for $77,134.61: $42,250 for the painting, $3,625 for storage costs, $6,713.70 for prejudgment interest, and $24,545.91 for attorney fees.

{¶7} Baylor appeals.

## Summary Judgment

{¶8} Baylor raises four assignments of error, which all challenge the trial court's decision granting summary judgment in favor of Treadway Gallery. We address Baylor's first and third assignments of error together, because they are dispositive of her appeal. In her first assignment of error, Baylor argues that the trial court erred in granting summary judgment in favor of Treadway Gallery on grounds

3

not raised by the parties. In Baylor's third assignment of error, she argues that the trial court erred in granting summary judgment when it found that Baylor breached the contract after Treadway Gallery filed the complaint and after Treadway Gallery finally furnished the certificate of authenticity for the painting.

{¶9} Summary judgment is appropriate "when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party." *Patterson v. Adleta, Inc.*, 2018-Ohio-3896, 119 N.E.3d 982, ¶ 6 (1st Dist.). This court reviews a trial court's decision on summary judgment de novo. *Id.*, citing *Village of Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 671 N.E.2d 241 (1996).

{¶10} Baylor argues, and the trial court found, that Treadway Gallery's promise via text message to send Baylor a certificate of authenticity for the painting in November 2019 constituted a modification of the contract. Treadway Gallery acknowledges that it agreed in November 2019 to deliver the certificate of authenticity to Baylor, despite the original contract term requiring all authenticity challenges to be made within 30 days of purchase, but Treadway Gallery insists that the modification was an unenforceable gratuitous promise without any consideration. However, written modifications of contract terms need not be supported by new consideration. "Subsequent acts and agreements may modify the terms of a contract, and, unless otherwise specified, neither consideration nor a writing is necessary." *Software Clearing House, Inc. v. Intrak, Inc.*, 66 Ohio App.3d 163, 172, 583 N.E.2d 1056 (1st Dist.1990), citing *Morrison v. DeVore Trucking, Inc.*, 68 Ohio App.2d 140, 428 N.E.2d 438 (9th Dist.1980); R.C. 1302.12(A) ("An agreement modifying a contract within

4

sections 1302.01 to 1302.98, inclusive, of the Revised Code, needs no consideration to be binding.").

{¶11} The question then becomes whether Treadway Gallery acted within a reasonable time in furnishing the certificate of authenticity one year after promising to do so, and nine months after filing the instant lawsuit. When a contract does not state the time for performance, then the law implies a reasonable time for performance, and a factfinder must determine whether the time spent performing is reasonable under the circumstances. *Morton Bldgs., Inc. v. Correct Custom Drywall, Inc.*, 10th Dist. Franklin No. 06AP-851, 2007-Ohio-2788, ¶ 16-17.

{¶12} The trial court erroneously determined that Baylor breached the contract by failing to pay for the painting after Treadway Gallery sent the certificate of authenticity because the parties' motions did not address whether Treadway Gallery acted reasonably in furnishing the certificate of authenticity one year after promising to do so, and nine months after filing the instant lawsuit. The timeliness of Treadway Gallery's tender of the certificate of authenticity remains a genuine issue of material fact which makes summary judgment inappropriate. Therefore, we determine that the trial court erred in granting summary judgment in favor of Treadway Gallery.

{¶13} We sustain Baylor's first and third assignments of error.

## Conclusion

{¶14} Having sustained Baylor's first and third assignments of error and holding that the trial court erred in granting summary judgment in favor of Treadway Gallery, we reverse the trial court's judgment and remand for further proceedings. The remainder of Baylor's assignments of error challenging the trial court's summary-judgment decision are rendered moot, and we decline to address them.

Judgment reversed and cause remanded.

**CROUSE, P.J.,** and **BOCK, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.